UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No.  4:11-cr-8-SEB-MGN-1 |
| | ) | |
| TYLER THEVENOT, | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on May 22, 2015 (Dkt. 151), designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on May 21, 2015 (Dkt. 148), and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g).  An Initial Hearing in this matter was held on May 28, 2015, and disposition proceedings were held on June 1, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.  The defendant, Tyler Thevenot, appeared in person with his appointed counsel, Larry D. Simon.  The government appeared by Matthew Rinka, Assistant United States Attorney.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1

1. On May 28, 2015, Larry D. Simon was present for the initial hearing and was appointed by the Court to represent Tyler Thevenot regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Thevenot and his counsel, who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Thevenot was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Thevenot was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Thevenot was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Thevenot was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Thevenot had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on May 22, 2015.

7. Mr. Thevenot waived his right to a preliminary hearing and executed a written waiver stating the same. Probable cause was found.

8. On May 27, 2015, the Government filed a Motion to Detain the Defendant on the Petition to Revoke Supervised Release (Dkt. No. 153). Mr. Thevenot requested a detention hearing and the same was scheduled for June 1, 2015, at 1:30 PM.

9. The parties requested the violation hearing be held in conjunction with the detention hearing, as much of the evidence to be presented was the same. The Court granted such request and set all the matters for June 1, 2015 at 1:30 PM.

10. On June 1, 2015, Mr. Thevenot appeared with CJA counsel, Larry D. Simon, at the scheduled detention and violation hearings.

11. At that time the defendant by counsel stated his readiness to waive the detention hearing and proceed with the revocation hearing.

12. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

13. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 and 2 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

   (b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve twelve (12) months imprisonment.

   (c) The parties acknowledged that this sentence was an upward variance, but the Defendant agreed to the sentence in exchange for no term of supervised release after imprisonment.

   (d) Upon completion of his term of imprisonment, Defendant would not be subject to supervised release.

(e) Further, in exchange for the defendant's admission, the government agreed not to pursue any additional charges against the defendant relating to any of the allegations in the Petition.

14. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 and 2 of said Petition. The Court placed Mr. Thevenot under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Thevenot admitted the violations contained in Violation Numbers 1 and 2. The Court specifically inquired of Mr. Thevenot whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Thevenot that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Thevenot answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 and 2. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."** |
| 2 | **"The defendant shall reside for a period of up to 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of the facility."** |

15. Based on the information available to the Court, the Court further finds the following:

(1) Mr. Thevenot has a relevant criminal history category of I.  *See,* U.S.S.G. §7B1.4(a).

(2) The most serious grade of violation committed by Mr. Thevenot constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Thevenot is three (3) to nine (9) months.

(4) The appropriate disposition for Mr. Thevenot's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months. This sentence is an upward variance, but the Defendant acknowledged that he agreed to the sentence in exchange for no term of supervised release after imprisonment.

(b) The Court further recommends the Defendant be designated to the facility nearest to his home in Indiana for his term of imprisonment.

(c) Upon release from confinement, the Defendant shall not be subject to any term of supervised release.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 and 2 of the Petition.  The defendant's supervised release is hereby **REVOKED,** and Tyler Thevenot

shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months, with no term of supervised release to follow. The Court further recommends the Defendant be designated to the facility nearest to his home in Indiana for his term of imprisonment.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Thevenot stipulated in open court waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Thevenot entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Tyler Thevenot's supervised release.

**IT IS SO RECOMMENDED** this 4th day of June, 2015.

_____
Van T. Willis, Magistrate Judge
United States District Court

Distribution to all electronically registered counsel via CM/ECF
U.S. Probation
U.S. Marshal